UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LAWRENCE D. ALFORD, | ) | CASE NO.  5:11CV 2793 |
|  | ) |  |
|    Plaintiff, | ) |  |
|  | ) | JUDGE JOHN R. ADAMS |
| v. | ) |  |
|  | ) |  |
| KEN PITTMAN, | ) | MEMORANDUM OF OPINION |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|    Defendant. | ) |  |

Before the court is pro se plaintiff Lawrence Darnell Alford's above-captioned in forma pauperis action against Ken Pittman at City Yellow Cab ("Yellow Cab").[1]  Mr. Alford claims Mr. Pittman harassed and discriminated against him based on race.  He asserts this violated his rights under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1871, Rev Stat § 1979, as amended, 42 U.S.C. § 1983.  Mr. Alford seeks $10,000.00 in damages.

---

[1] The address provided for Mr. Pittman is exactly the same address for Yellow Cab on the OCRC Charge attached to the Complaint.

*Background*

Mr. Alford is an African-American employed as a taxi driver for Yellow Cab.[2] To perform his job, he is required to telephone a dispatcher at Yellow Cab who is then tasked to assign the driver to a waiting customer. The system provided that the first taxi driver to call the dispatcher would be given the first available customer, or "trip."

On or before December 12, 2011, Mr. Alford discovered Mr. Pittman was avoiding his requests for trips. He claims Mr. Pittman failed to acknowledge his telephone number, and would bypass his calls to wait for a Caucasian cab driver to call in a request. Mr. Alford also alleges Mr. Pittman used racial slurs and derogatory terms to address him or anyone of African American descent.

Mr. Pittman's comments resulted in several verbal confrontations between he and Mr. Alford. After the last exchange, Mr. Alford was warned that he would lose his lease agreement if he "cause[d] any more problems with Mr. Pittman." (O.C.R.C. Chrg. of 12/2711.) Mr. Alford then felt compelled to file a charge of racial harassment and discrimination against Yellow Cab on December 27, 2011.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is

---

[2] The facts upon which the Court relies were garnered from both Mr. Alford's Complaint and his attached O.C.R.C. Charge. See e.g. Delisle v. Brimfield Township Police Department, 94 Fed.Appx. 247, 253-54, 2004 WL 445181, *6 (6th Cir.2004); Weigel v. Baptist Hospital of East Tennessee, 302 F.3d 367, 379-81 (6th Cir.2002)(federal courts have subject matter jurisdiction to hear and adjudicate Title VII claims explicitly filed in an EEOC charge or that can reasonably be expected to grow out of the EEOC's investigation of the charge).

required to dismiss a claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). Although Mr. Alford's claims of racial harassment and discrimination in violation of Title VII may have arguable merit, the same cannot be said for his claims under 42 U.S.C. § 1983.

*42 U.S.C. § 1983 Claims*

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982).

Title VII does not preempt an action under section 1983 for a violation of the Fourteenth Amendment based on unequal treatment. See Keller v. Prince George's County, 827 F.2d 952, 956-63 (4th Cir.1987); Ratliff v. City of Milwaukee, 795 F.2d 612, 623-24 (7th Cir.1986)(the Fourteenth Amendment and Title VII both grant public sector employees independent rights to be free of employment discrimination; a plaintiff may use section 1983 to escape the comprehensive scheme of Title VII even if the same facts suggest a violation of Title VII); Trigg v. Fort Wayne Community Schools, 766 F.2d 299, 301 (7th Cir.1985); Grano v.

---

[3] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Department of Development, 637 F.2d 1073, 1075 (6th Cir.1980) (employee may sue under both Title VII and section 1983 when the section 1983 violation rests on a claim of infringement of rights guaranteed by the Constitution). That principle of law is restricted, however, to claims against public employers.

To prevail in any civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants were acting under color of state law to deprive the plaintiff of a right secured by the Constitution and law of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). A private party defendant's actions only constitute state action under § 1983 where the private entity's actions may be "fairly attributable to the state." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937(1982). The defendant named in this complaint is a private party. The complaint does not allege or imply that any actions are remotely tied to the State. Without more, Mr. Alford cannot pursue a §1983 claim that the defendant violated his right to equal protection under the Fourteenth Amendment.

*Conclusion*

Based on the foregoing, Mr. Alford's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **granted**, but his § 1983 claim is dismissed from this action pursuant to 28 U.S.C. § 1915(e).[4] As to his remaining Title VII claims against Ken Pittman, the Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. **The Clerk's**

---

[4] At the pleading stage, only a short and plain statement of the claim showing that the pleader is entitled to relief is required. Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002)(complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination under McDonnell Douglas, but must contain only a short and plain statement of the claim showing that the pleader is entitled to relief.)

**Office shall include a copy of this order in the documents to be served upon the defendant.**

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

   IT IS SO ORDERED.


Dated: 4/9/12             /s/ John R. Adams
                   JOHN R. ADAMS
                   UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. § 1915(a)(3) provides:

  An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.